IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,     )
                                   )
       Plaintiff,           )
                                   )
   v.                    )   Criminal Action No.
                                   )   03-00171-01-CR-W-ODS
HESSAM GHANE,             )
                                 )
       Defendant.     )

## ORDER

On July 5, 2005, this court received a second psychiatric evaluation on defendant Hessam

Ghane, based on defendant's four-month commitment pursuant to 18 U.S.C. § 4241(d)(1).

Defendant was transferred to the Federal Medical Center in Butner, North Carolina, for

observation and treatment of his previously diagnosed delusional disorder. Dr. Robert Lucking,

psychiatrist, and Dr. Angela Walden-Weaver, psychologist, examined defendant during his

period of commitment. According to the report, defendant expressed a strong interest in being

found competent so that his case could proceed to trial. He agreed to undergo treatment with

antipsychotic medication shortly after his admission to the medical center. He was also treated

for complaints of anxiety. His depressive symptoms and insomnia did not initially respond to

treatment. Following a change in medication, however, defendant reportedly showed a marked

improvement with better sleeping, clearer thinking, and decreased paranoia. He requested

additional treatment for depression, and reported improvement with treatment.

Defendant was previously examined at FMC Butner by Dr. Lucking, who found

defendant to be incompetent. That opinion was supported by defendant's own examining expert,

and an independent expert appointed by the court. (*See* Docs. 25, 27.)  A fourth expert who did

not examine defendant but reviewed his medical records concurred in the diagnosis and opinion of defendant's competency, but disagreed that a trial of antipsychotic drugs was warranted. (*See* Doc. 44.) Defendant unequivocally refused to take antipsychotic medication to treat his delusional disorder, and stated that he would refuse to cooperate with treatment even if ordered to do so by this court. (*See* Doc. 44.) The district court therefore adopted my recommendation and ordered that defendant be involuntarily administered a trial of antipsychotic medication. (*See* Doc. 50.) That order was reversed on appeal by the Eighth Circuit. Defendant was therefore sent for a four-month commitment period for evaluation and any treatment he would accept voluntarily. (*See* Doc. 58.)

As is reflected in Dr. Lucking and Dr. Walden-Weaver's second psychiatric evaluation report, defendant asked about taking antipsychotic medication almost immediately after being admitted to the Federal Medical Center, despite having taken an appeal to the Eighth Circuit to defend his right to refuse such treatment. It was noted in the opinions of the various experts in this case that defendant's incompetence arose from the paranoid nature of his delusions and his preoccupation with the content of his delusions. During his treatment period, defendant was able to put aside his belief of government persecution and discuss his defense against the criminal charges against him realistically. His denial of any delusional thinking was tested in a series of conversations and examinations. Dr. Lucking and Dr. Walden-Weaver concluded that defendant is now competent to proceed with his defense of the instant case.

A competency hearing was held on July 13, 2005. Defendant was present represented by retained counsel Justin Johnston. The government was represented by Assistant United States Attorney Michael Green. Both parties stipulated to the contents and conclusion of the report of

2

Dr. Lucking and Dr. Walden-Weaver.

Based upon the uncontroverted evidence stipulated to by the parties in this case, I find

that the defendant is competent to stand trial and to assist in his defense.  Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and

applicable law, enter an order finding defendant competent to continue with the proceedings and

to assist in his defense.

/s/Robert E. Larsen

ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
July 15, 2005

3