IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 03-00171-01-CR-W-ODS |
| HESSAM GHANE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On January 4, 2006, Justin Johnston, counsel for Defendant, contacted me with a concern regarding Defendant's competency to stand trial. On January 6, 2006, I held a hearing to determine the factual basis for Mr. Johnston's concern. At the hearing, Mr. Johnston stated that Defendant's core delusional beliefs had returned. He cited Dr. Lucking's July 5, 2005, psychological report, in which Dr. Lucking stated, "If the stress of the legal proceedings results in the re-emergence of his delusional beliefs, he will need to be returned for further evaluation." Mr. Johnston filed a formal motion for a judicial determination of mental competency on January 10, 2006 (Doc. No. 154).

I ordered Defendant to undergo a psychiatric evaluation and recommended that, for continuity purposes, the evaluation be conducted by Dr. Robert G. Lucking at the Federal Medical Center ("FMC") in Butner, North Carolina (Doc. No. 152).

By way of history, Defendant has been examined by Dr. Lucking at FMC-Butner on two previous occasions. This court first ordered Defendant undergo a competency evaluation on May 21, 2003. On August 15, 2003, Dr. Lucking opined that Defendant was incompetent to stand trial. That opinion was supported by Defendant's own examining expert (See Doc. Nos. 25, 27). I, therefore, issued a report and recommendation finding Defendant was not competent to stand trial

and recommending that he be committed to the custody of the Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4241(d) (Doc. No. 25); the district court adopted my report and recommendation in its entirety (Doc. No. 27).

Defendant unequivocally refused to take antipsychotic medication to treat his delusional disorder, and stated that he would refuse to cooperate with treatment even if ordered to do so by this court. (See Doc. No. 44). Accordingly, the government then made a motion pursuant to Sell v. United States, 539 U.S. 166 (2003), asking that Defendant be forcibly medicated to restore him to competency to stand trial (Doc. No. 29). Following a Sell hearing, the district court adopted my report and recommendation and ordered that Defendant be involuntarily administered a trial of antipsychotic medication. (See Doc. No. 50). Defendant appealed.

On December 20, 2004, the Eighth Circuit reversed this court's decision, holding that the government had not sustained its burden of demonstrating a substantial likelihood that Defendant could be restored to competency through involuntary medication. United States v. Ghane, 392 F.3d 317, 320 (8th Cir. 2004). As a result, Defendant was returned to FMC-Butner for a four-month commitment period for evaluation and any treatment that he would accept voluntarily. (See Doc. No. 58).

On July 5, 2005, this court received a report of Dr. Lucking's second psychological evaluation, wherein he found Defendant had been restored to competence and was capable of assisting in his defense. According to the report, Defendant expressed a strong interest in being found competent so that his case could proceed to trial. He agreed to undergo treatment with antipsychotic medication shortly after his admission to the medical center. Defendant was also treated for complaints of anxiety. His depressive symptoms and insomnia did not initially respond

to treatment. Following a change in medication, however, Defendant reportedly showed a marked improvement with better sleeping, clearer thinking, and decreased paranoia. He requested additional treatment for depression, and reported improvement with treatment.

On June 30, 2005, Defendant was returned to the Correctional Corporation of America ("CCA") in Leavenworth, Kansas. This court found Defendant competent to stand trial and assist in his legal defense on August 1, 2005 (Doc. No. 80). Defendant's case was set for trial on January 17, 2006 (Doc. No. 145).

As stated above, defense counsel voiced concerns about Defendant's competency before the trial setting, and Defendant was sent to FMC-Butner to be evaluated by Dr. Lucking for a third time. I have received Dr. Lucking's latest report, dated April 14, 2006, in which he finds Defendant competent to stand trial and aid in his own defense. According the report, Defendant's antipsychotic medication was discontinued upon his return to CCA in June of 2005, due to the staff psychiatrist's concern regarding the possible negative effects the drug had on Defendant's blood sugar and serum lipids. Dr. Lucking's initial interview of Defendant after he returned to FMC-Butner in 2006 evidenced "a disorder of content of thought with a return of the paranoid themes noted on previous evaluation periods." Defendant was again administered the antipsychotic drug shortly after his return to FMC-Butner. At the conclusion of the evaluation/treatment, Dr. Lucking opined that Defendant had "returned to the baseline level of functioning exhibited at the end of the last evaluation; at which he was considered competent."

On May 2, 2006, I held a competency hearing. Defendant was present, represented by Justin Johnston. The government was represented by Assistant United States Attorney Mike Green. Dr. Lucking also attended the hearing via telephone. The parties stipulated to the content and findings

3

Case 4:03-cr-00171-KHV   Document 179   Filed 05/08/06   Page 3 of 4

of Dr. Lucking's report (Tr. at 2-4).

After stipulating to the report, Defendant sought to personally question Dr. Lucking in an apparent attempt to challenge Dr. Lucking's August 15, 2003, report that found him incompetent. I found that Defendant's questions did not have any relevance to the instant determination of competency and advised him all questions to Dr. Lucking must be asked by and through his attorney(s). Defense counsel was ordered to meet with Defendant in order to ascertain the exact questions he would like asked of Dr. Lucking (Doc. No. 176). Defense counsel will submit these questions to me in motion format no later than Tuesday, May 9, 2006; if the government chooses to respond it will do so by Tuesday, May 16, 2006. I will then transmit Defendant's questions to Dr. Lucking to determine whether they may be indicative of a lack of insight into his own mental condition that should be of concern to this court. I will instruct Dr. Lucking only to respond to the questions I deem relevant to his April 14, 2006, report.

Despite this collateral issue, however, I find that the uncontroverted evidence stipulated to by the parties in this case demonstrates that Defendant is competent to stand trial and to assist in his defense. It is therefore

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order finding Defendant competent to continue with the proceedings and to assist in his defense.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
May 5, 2006