# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  03-00171-01-CR-W-ODS |
| | ) | |
| HESSAM S. GHANE, | ) | |
| | ) | |
| Defendant . | ) | |

## ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND FINDING DEFENDANT INCOMPETENT TO STAND TRIAL

On September 22, 2006, the Honorable Robert E. Larsen, United States Magistrate Judge for this District, issued a Report and Recommendation (the "Report") recommending that this Court find defendant is not competent to continue with the proceedings and to assist in his defense.  Defendant has objected, both pro se and through counsel.  The Court has reviewed the record de novo, and hereby adopts the Report's factual findings and legal conclusions and finds Defendant incompetent to continue with the proceedings and assist in his defense.

The Report provides a comprehensive history of this case and the record.  The Court's review reveals no changes or modifications need be made, and the Report is adopted as the Order of the Court.  The Court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect  rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  In making this finding the Court acknowledges Defendant had previously been found competent to stand trial; however, as the experts have received additional

information their opinions have changed. Moreover, their specific concern that the stress associated with an impending trial date exacerbates Defendant's delusions has proved prescient. Defendant's belief that the experts, Court, the Government, and his own attorneys are part of a grand conspiracy to gain revenge for his refusal to be a spy for the CIA supports the experts' belief (and the Court's findings). While Defendant may be voluntarily taking his medication, the fact remains that his behavior demonstrates his perception of events around him is still filtered through his delusions and negatively impacts his ability to understand the proceedings against him or trust his attorneys sufficiently to participate meaningfully in his own defense. Moreover, the Court recalls that in connection with the <u>Sell</u> hearing held in this case it was established that medication had only a 10% chance of successfully restoring Defendant's ability to stand trial. Thus, it is not surprising or inconsistent to discover Defendant is incapable of standing trial despite having taken his medication.

      Defendant is committed to the custody of the Attorney General for appropriate action as required by law.

IT IS SO ORDERED.

DATE: October 31, 2006

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT