IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 03-00171-01-CR-W-ODS |
| HESSAM GHANE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF MATTERS DISCUSSED AND
ACTION TAKEN AT PRETRIAL CONFERENCE**

Pursuant to the order of the Court en banc of the United States District Court for the Western District of Missouri, a pretrial conference was held in the above-entitled cause before me on August 4, 2010. Defendant Ghane appeared in person and with retained counsel Justin Johnston and Charles Rogers. The United States of America appeared by Assistant United States Attorney Mike Green.

## I. BACKGROUND

On May 15, 2003, an indictment was returned charging Defendant with one count of knowingly stockpiling, retaining, and possessing potassium cyanide, which was not intended to be used for a peaceful purpose, in violation of 18 U.S.C. § 229(a)(1).

The following matters were discussed and action taken during the pretrial conference:

## II. TRIAL COUNSEL

Mr. Green announced that he will be the trial counsel for the government. The case agent to be seated at counsel table is David Cudmore, FBI.

Mr. Johnston announced that he and Charles Rogers will be the trial counsel for Defendant Ghane. Jackie Gardner, paralegal, will be seated at counsel table.

### III. OUTSTANDING MOTIONS

Defendant's Motion to Dismiss Case because 18 U.S.C. §§ 229 and 229A are Unconstitutionally Vague and Overbroad (Doc. No. 83) is pending. A Report & Recommendation was filed on October 11, 2005 (Doc. No. 106).

### IV. TRIAL WITNESSES

Mr. Green announced that the government intends to call fifteen to seventeen witnesses without stipulations or nine witnesses with stipulations during the trial.

Mr. Johnston announced that Defendant Ghane intends to call twelve witnesses during the trial. Defendant may testify.

### V. TRIAL EXHIBITS

Mr. Green announced that the government will offer approximately thirty exhibits in evidence during the trial.

Mr. Johnston announced that Defendant Ghane will offer approximately thirty-three exhibits in evidence during the trial.

### VI. DEFENSES

Mr. Johnston announced that Defendant Ghane will rely on the defense of general denial.

### VII. POSSIBLE DISPOSITION

Mr. Johnston stated this case is definitely for trial.

### VIII. STIPULATIONS

Stipulations are likely as to: (1) facts regarding handwriting on an exhibit; (2) facts regarding an apartment lease; and (3) Defendant's background and education. There may also be stipulations concerning chemical analysis of the cyanide and records from CCA.

## IX. TRIAL TIME

Counsel were in agreement that this case will take four to five days to try.

## X. EXHIBIT LIST, VOIR DIRE AND INSTRUCTIONS

The U. S. Magistrate Judge ordered:

That, in addition to the requirements of the Stipulations and Orders filed June 2, 2003, counsel for each party file and serve a list of exhibits he intends to offer in evidence at the trial of this case on the form entitled Exhibit Index and have all available exhibits premarked using the stickers provided by the Clerk of Court by August 4, 2010;

That counsel for each party file and serve requested jury voir dire examination questions by or before noon, Wednesday, August 11, 2010;

That counsel for each party file and serve, in accordance with the requirements of Local Rule 51.1, requested jury instructions[1] by or before noon, Wednesday, August 11, 2010. Counsel are requested to provide proposed jury instructions in both hard copy form, as required by Local Rule 51.1, and by e-mail to the trial judge's courtroom deputy.

## XI. UNUSUAL QUESTIONS OF LAW

Motions in limine on the following issues will probably be filed on (1) Defendant's statements to inmates based on relevance and (2) Defendant's statements about cyanide use for suicide based on constitutionality.

The government raised an issue related to the Court's policy on recusal. Both parties wish to have the case tried by a Western District of Missouri judge. Not wanting to fun afoul to any policy, however, the government reminded the Court of the fact that Defendant had previously threatened Judge Fenner. Mr. Green will further address this issue with the Court by letter.

---

[1]Counsel in all cases assigned to be tried before Chief Judge Fernando Gaitan, Jr., as reflected in the trial letter, shall meet and prepare a packet of agreed proposed jury instructions to be submitted to Judge Gaitan and e-mailed to marylynn_shawver@mow.uscourts.gov and rhonda_enss@mow.uscourts.gov by August 13, 2010. To the extent there are disagreements to certain instructions, each attorney shall tab and submit his or her preference on those instructions. The instructions shall be listed in the order they are to be given.

Mr. Johnston advised that two defense witnesses are in halfway houses in Wichita, Kansas and Florida. The parties have agreed to take testimony from these witnesses by teleconference with a video feed. However, if the Court is opposed to such an approach defense counsel will inquire into getting the witnesses furloughs from their respective halfway houses.

## XII. TRIAL SETTING

All counsel and Defendant were informed that this case will be listed for trial on the joint criminal jury trial docket which commences on August 16, 2010. Defendant has previously used a hearing device, so may need one at trial.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 4, 2010

cc:   Mr. Kevin Lyon